IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA,<br><br>        Plaintiffs,<br><br>        v.<br><br>IRON MOUNTAIN MINES,INC., and T.W. ARMAN,<br><br>        Defendants.<br>_____/ | Case No. 91-0768-JAM-JFM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants' Iron Mountain Mines and T.W. Arman ("Defendants'") Motion for Reconsideration, (Doc. #1299), of the Court's October 1, 2002 Order, pursuant to Eastern District Local Rule 230(j). Plaintiff the United States of America ("United States") opposes the motion.[1] Plaintiff the State of California ("California") joined

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

in the United States' opposition. (United States and California referred to collectively as "Plaintiffs"). For the reasons set forth below, the Motion for Reconsideration is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case, which has been ongoing for nearly 20 years, involves the Environmental Protection Agency's cleanup of hazardous waste on land where Defendant Iron Mountain Mines is located. Iron Mountain Mines is owned and operated by Defendant T.W. Arman. Previously, Plaintiffs moved for partial summary judgment on the issue of Defendants' liability under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §9601 et seq. Judge Levi issued a 2002 order granting partial summary judgment in favor of the United States. (Doc. #1241). Defendants request that the Court reconsider the portion of Judge Levi's order regarding the divisibility of harm defense.

Judge Levi, in analyzing Defendants' "divisibility of harm" defense, held that Defendants failed to show that the harm caused by the hazardous waste was divisible. The Court stated that "given the nature of the pollution at the site, it would be difficult to identify distinct harms." Judge Levi did not analyze whether there was a reasonable basis for apportionment of liability, however he ordered that to the extent that Defendants' might be less responsible than others for acid mine

drainage, this factor could be raised at the contribution proceeding. Partial summary judgment was granted in favor of Plaintiffs, and the case moved forward with Defendants bearing joint and several liability for the full cost of the cleanup. Defendants now seek an order that their liability is subject to apportionment and should be apportioned in the percentages set forth in their original opposition papers. In the alternative, Defendants ask the Court to deny the previous grant of partial summary judgment and set the matter for trial on the issue of apportionment of liability.

II.   OPINION

A.   Legal Standard

   Eastern District Local Rule 230(j) requires that a party moving for reconsideration show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and why the fact or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j). This rule applies to "whenever a motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts." Id.

   To prevail on a motion for reconsideration, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hansen v. Schubert, 459 F.Supp.2d 973, 998 (E.D. Cal. 2006). "A party seeking

1 reconsideration must show more than a disagreement with the
2 Court's decision, and recapitulation of the cases and argument
3 considered by the court before rendering its original decision
4 fails to carry the moving party's burden." United States v.
5 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2006)
6 (internal citations omitted).

7     Additionally, "Under the law of the case doctrine, a court
8 is generally precluded from reconsidering an issue that has
9 already been decided by the same court, or a higher court, in
10 the identical case... A court may have discretion to depart from
11 the law of the case where (1) the first decision was clearly
12 erroneous; (2) an intervening change in the law has occurred;
13 (3) the evidence on reconsideration is substantially different;
14 (4) other changed circumstances exist; or (5) a manifest
15 injustice would otherwise result. Failure to apply the doctrine
16 of the law of the case absent one of the requisite conditions
17 constitutes an abuse of discretion." U.S. v. Iron Mountain
18 Mines, Inc. 987 F.Supp. 1244, 1246 (E.D. Cal. 1997) (citing
19 United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

21 B. Grounds for Reconsideration
22     Defendants argue that the Court should reconsider its
23 previous finding of joint and several liability in light of the
24 Supreme Court's decision in Burlington Northern and Santa Fe Ry.
25 Co. v. U.S., 129 S.Ct. 1870 (2009). Defendants allege that this
26 case represents an intervening change in law, which mandates
27 reconsideration. Plaintiffs argue that the case does not

represent a change of law, as the Supreme Court merely applied existing law to decide a purely factual issue.

Defendants argue that the Supreme Court would not have granted certiorari for this case if it was only dealing with a factual dispute, and that the Supreme Court clearly meant to send a signal to other courts that they must begin evaluating apportionment in a different way. Furthermore, Defendants argue that post Burlington Northern, district courts are now mandated to consider apportionment. Plaintiffs contend that Defendants misstate the holding, as there was no mandate to district courts regarding apportionment.

C. Burlington Northern

The Court in Burlington Northern stated that "apportionment is proper when there is a reasonable basis for determining the contribution of each cause to a single harm." Id. at 1881. "Not all harms are capable of apportionment however, and CERCLA defendants seeking to avoid joint and several liability bear the burden of proving that a reasonable basis for apportionment exists. When two or more causes produce a single, indivisible harm, courts have refused to make an arbitrary apportionment for its own sake, and each of the causes is charged with responsibility for the entire harm." Id. The Court based its opinion on what it called the "seminal opinion on the subject of apportionment in CERCLA actions," United States v. Chem-Dyne Corp., 572 F.Supp. 802 (S.D. Ohio 1983). Id.

In Burlington Northern, both the district court and the appellate court agreed that the harm, though singular, was

theoretically capable of apportionment. Id. Additionally, neither party, nor the lower courts, disputed the principles governing apportionment in CERCLA cases. Id. The only question was whether the record provided a reasonable basis for the District Court's conclusion that the railroad defendant was liable for 9% of the harm. Id. After examining the record and the District Court's findings, the Court ultimately reversed the appellate court and sided with the district court, stating that "we conclude that the facts contained in the record reasonably supported the apportionment of liability." Id. at 1882-83.

Despite Defendants efforts to argue that Burlington Northern established new law regarding apportionment, Plaintiffs are correct that Burlington Northern does not constitute a change in law as required for reconsideration. Burlington Northern simply reiterated the law as established in 1983 by Chem-Dyne, and then examined the record to resolve a factual question of whether the record supported apportionment. Burlington Northern did not add a new mandate that District Courts must apportion harm. Accordingly, as the Court does not find that there has been an intervening change in law, Defendants' Motion for Reconsideration is DENIED.

### III. ORDER

For the reasons set forth above, the Court hereby DENIES Defendants' Motion for Reconsideration.

IT IS SO ORDERED.

Dated: May 5, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE